IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY SILVA,

    Plaintiff,

v.                                                       Civ. No. 08-1208 RB/RLP

PATRICK SCHEINDECKER, Warden, *et al.,*

    Defendants.

## MAGISTRATE JUDGE'S REPORT & RECOMMENDATION[1]

1.    This is a proceeding brought pursuant to 42 U.S.C. § 1983 and the New Mexico Tort Claims Act, NMSA (1978) §§ 41-4-1, *et seq*. Plaintiff alleges that in July, 2005 he was denied medical care in violation of state law and the Eighth Amendment of the United States Constitution. [Doc. 1].

2.    Defendants filed a Motion to Dismiss or Alternatively for More Definite Statement [Doc. 3], arguing that the case should be dismissed as beyond the two-year limitation period contained in the New Mexico Tort Claims Act, § 41-4-15(A) and New Mexico's three year limitation period contained in NMSA (1978) § 37-1-8. *See Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007) (for § 1983 claims, the state's personal injury statute of limitations determines the period of limitation). Alternatively, Defendants requested Plaintiff be required to give a more thorough accounting of the negligence he alleges and when it occurred. Plaintiff did not respond to the Motion to Dismiss.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

3. The Court entered its Order for *Martinez* Report [Doc. 6] and requested Plaintiff's medical records. The parties were advised that the *Martinez* Report could be used as a basis for summary judgment in favor of or against either party.

4. In response to the Defendant's *Martinez* submissions, Plaintiff filed a Motion to Stay [Doc. 15], arguing that he did not have access to legal materials and wanted the Court to stay his action until he could look at legal materials or until he was released so that he could hire an attorney. The Court denied the Motion and advised Plaintiff that he only needed to provide a statement of facts concerning his allegations. He was given until March 25, 2009 to submit his response to the Motion to Dismiss and the *Martinez* Report. He was again advised that the submissions could be used to grant summary judgment in favor of any party. [Doc. 16]

5. In response to the Court's Order, Plaintiff filed a Motion to Dismiss Without Prejudice, stating that he had no access to the law library and that he had no one to help him with his case. [Doc. 17]. Defendants filed their objections [Doc. 18], stating that Plaintiff's failure to respond as ordered by the Court indicated that their Motion to Dismiss should be granted.

6. In reviewing the records submitted by Defendants, it appeared the records were for two different individuals. Pursuant to the Court's Order requesting an explanation [Doc. 19], Defendants submitted the Affidavit of Patrick Snedecker, Warden, who averred that the records submitted were for the Plaintiff of this lawsuit. [Doc. 20]. Plaintiff was given until May 5 to respond and failed to do so. He has yet to respond to the Motion to Dismiss other than as stated above.

7. The Court's review of the records submitted pursuant to the *Martinez* report indicate some confusion as to booking dates, etc. *See* Lujan letter to Snedecker Doc. 14-2, page 18 of 28. The Court finds that this case should be dismissed without prejudice given the confusion of the records and Plaintiff's failure to respond.

## RECOMMENDED DISPOSITION

I recommend that Plaintiff's Motion to Dismiss without Prejudice [Doc. 17] be granted and that Defendants' Motion to Dismiss [Doc. 3] be denied as moot.

Richard L. Puglisi
United Stated Magistrate Judge